IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14cv169

| | | |
|---|---|---|
| MYKHAIL RADCHYSHYN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| ALLSTATE INDEMNITY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Pending before the Court is Defendant's Motion to Dismiss [# 4]. Plaintiff

brought this action in state court asserting claims for breach of contract and for

unfair and deceptive trade practices. Both claims arise out of the denial of an

insurance claim. Defendant removed the action to this Court on the basis of

diversity jurisdiction. After removing the action to this Court, Defendant moved to

dismiss the unfair and deceptive trade practices claim. Plaintiff, who is

represented by counsel, failed to file a response to the motion. The Court

**RECOMMENDS** that the District Court **GRANT** the motion [# 4].

## I.     Background

Plaintiff is a resident of North Carolina who purchased an automobile for

$30,000.00 on October 24, 2013. (Pl.'s Compl. at ¶¶ 1, 3.) The next day, Plaintiff

acquired a bill of sale and obtained the executed and notarized first re-assignment of title by the car dealer for the vehicle. (Id. ¶ 5.) Plaintiff then purchased an insurance policy from Defendant insuring the vehicle. (Id. ¶ 6.) Plaintiff also attempted to obtain a North Carolina inspection for the vehicle on October 25, 2013, but was unable to do so because of computer problems with the vehicle. (Id. ¶ 7.)

Two days later, on October 27, 2013, the vehicle suffered damage caused by an electrical fire. (Id. ¶ 8.) Plaintiff then submitted an insurance claim with Defendant to cover the loss. (Id. ¶ 9.) Defendant denied the claim. (Id.) Plaintiff then brought this action in state court asserting claims for breach of contract and unfair and deceptive trade practices. After removing the action to this Court, Defendant moved to dismiss the unfair and deceptive trade practices claim. Defendant's motion is now before the Court for a Memorandum and Recommendation to the District Court.

## II.    Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief.[1] See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the

---

1    Once a case is removed to federal court, the Federal Rules of Civil Procedure, not the corresponding state rules, dictate the procedural requirements in a case. Fed. R. Civ. P. 81(c)(1).

allegations in the Complaint as true and construes them in the light most favorable

to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250,

253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts

well-pled facts as true, it is not required to accept "legal conclusions, elements of a

cause of action, and bare assertions devoid of further factual enhancement . . . ."

Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain

sufficient factual allegations to suggest the required elements of a cause of action.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65

(2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation

of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127

S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of

the Federal Rules of Civil Procedure "demands more than an unadorned, the

defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662,

678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief

that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974;

see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d

at 255. The mere possibility that a defendant acted unlawfully is not sufficient for

a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256;

Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must

move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570,

127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III.   Analysis

Count Two of the Complaint asserts a claim pursuant to North Carolina's

Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.* In

order to make out a *prima facie* claim for unfair and deceptive trade practices,

Plaintiff must show that: (1) Defendant committed an unfair or deceptive act or

practice; (2) that this act or practice was in or affecting commerce; and (3) that the

act or practice proximately caused the Plaintiff's injury. Gray v. N.C. Ins.

Underwriting Ass'n, 529 S.E.2d 676, 681 (N.C. 2000); Hospira Inc. v. Alphagary

Corp., 671 S.E.2d 7, 12 (N.C. Ct. App. 2009); Sessler v. March, 551 S.E.2d 160,

167 (N.C. Ct. App. 2001). A practice is unfair if it "'is immoral, unethical,

oppressive, unscrupulous, or substantially injurious to customers.'" Thompson,

418 S.E.2d at 699 (quoting Johnson v. Phoenix Mut. Life Ins. Co., 266 S.E.2d 610,

621 (N.C. 1980)); <u>Sessler</u>, 551 S.E.2d at 167. A practice is deceptive where it has the tendency or capacity to deceive. <u>Thompson</u>, 418 S.E.2d at 699; <u>Sessler</u>, 551 S.E.2d at 167. "In making a claim of unfair and deceptive trade practices on a theory of misrepresentation or fraud, a plaintiff must show that a defendant's words or conduct possessed 'the tendency or capacity to mislead' or create the likelihood of deception.'" <u>Hospira</u>, 671 S.E.2d at 12 (quoting <u>Marshall v. Miller</u>, 276 S.E.2d 397, 403 (1981)). Moreover, a plaintiff does not have to show actual deception to prevail, he or she need only demonstrate that the acts of defendant "possessed the tendency or capacity to mislead or create the likelihood of deception." <u>RD & J Props. v. Lauralea-Dilton Enters., LLC</u>, 600 S.E.2d 492, 500-501 (N.C. Ct. App. 2004).

Actions for unfair and deceptive trade practices, however, are distinct from actions for breach of contract, and the mere breach of contract, even where the breach is intentional, cannot constitute an action pursuant to North Carolina's Unfair and Deceptive Trade Practices Act. <u>Eastover Ridge, L.L.C. v. Metric Constructors, Inc.</u>, 533 S.E.2d 827, 832-33 (N.C. Ct. App. 2000); <u>Branch Banking & Trust co. v. Thompson</u>, 418 S.E.2d 694, 700 (N.C. Ct. App. 1992). As the North Carolina Court of Appeals has explained:

> The plaintiff must show "substantial aggravating circumstances attending the breach to recover under the Act, which allows for treble

damages." Id.  It is "unlikely that an independent tort could arise in the course of contractual performance, since those sorts of claims are most appropriately addressed by asking simply whether a party adequately fulfilled its contractual obligations." Broussard v. Meineke Discount Muffler Shops, 155 F.3d 331, 347 (4th Cir. 1998), citing Strum v. Exxon Co., 15 F.3d 327, 333 (4th Cir. 1994).

Eastover Ridge, 533 S.E.2d at 833.

Finally, a plaintiff may also base an unfair and deceptive trade practice claim against an insurance company on a violation of N.C. Gen. Stat. § 58-63-15(11). Gray, 529 S.E.2d at 683; Page v. Lexington Ins. Co., 628 S.E.2d 427, 429 (N.C. Ct. App. 2006).  Section 58-63-15(11) sets out the following specific acts, which constitute unfair claim settlement practices:

a.  Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

b.  Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

c.  Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

d.  Refusing to pay claims without conducting a reasonable investigation based upon all available information;

e.  Failing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed;

f.  Not attempting in good faith to effectuate prompt, fair and

equitable settlements of claims in which liability has become reasonably clear;

g.  Compelling [the] insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;

h.  Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled;

i.  Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured;

j.  Making claims payments to insureds or beneficiaries not accompanied by [a] statement setting forth the coverage under which the payments are being made;

k.  Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

l.  Delaying the investigation or payment of claims by requiring an insured claimant, or the physician, of [or] either, to submit a preliminary claim report and then requiring the subsequent submission of formal proof-of-loss forms, both of which submissions contain substantially the same information;

m. Failing to promptly settle claims where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; and

n. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

Here, Plaintiff alleges that Defendant violated North Carolina's Unfair and Deceptive Trade Practices Act by refusing to pay Plaintiff's claim pursuant to the policy, and that such failure violated Section 58-63-15(11). The Complaint, however, fails contain any factual allegations supporting such a claim. The Complaint only alleges that Plaintiff had a valid insurance policy with Defendant, the vehicle suffered damage from an electrical fire shortly after he purchased it, Plaintiff submitted a claim to Defendant, and Defendant denied Plaintiff's claim. The simple denial of an insurance claim is insufficient to state a claim for unfair and deceptive trade practice, and there are no factual allegations demonstrating that Defendant violated any of the provisions of Section 58-63-15(11). Finally, Plaintiff seemingly concedes the merits of Defendant's motion by failing to respond to the Motion to Dismiss. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss.

## IV.    Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 4] and **DISMISS** Count Two.

Signed: August 19, 2014

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).