# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:14-cv-00169-MR-DLH

| | | |
|---|---|---|
| MYKHAILO RADCHYSHYN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | |
| ALLSTATE INDEMNITY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand. [Doc. 21]. The Defendant has filed its Response to that motion opposing the remand of this case, [Doc. 23], and Plaintiff has filed a Reply thereto in support of his motion. [Doc. 24].

## BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff asserts in his Complaint that he obtained an automobile insurance policy from Defendant to cover a 2010 Mercedes vehicle sometime prior to October 27, 2012. [Doc. 1-1 at 4, ¶¶ 5-6]. On October 27, 2012, the vehicle was damaged by fire. [Id. at 5, ¶ 8]. Plaintiff made a claim upon Defendant under the insurance policy for damages to the vehicle resulting from the fire. [Id., ¶ 9]. Defendant denied Plaintiff's claim. [Id.].

Plaintiff filed his Complaint on May 28, 2014, in the Buncombe County, North Carolina, Superior Court. [Id. at 2-7]. Plaintiff's Complaint seeks monetary damages from Defendant on claims for breach of contract and unfair and deceptive trade practices stemming from Defendant's refusal to pay for Plaintiff's vehicle loss. [Id.]. Defendant removed Plaintiff's action to this Court, by Notice filed July 2, 2014, based upon the diversity of the parties and an amount in controversy exceeding $75,000. [Doc. 1]. On July 9, 2014, Defendant filed an Answer and Counterclaim, as well as a Motion to Dismiss Plaintiff's second cause of action, the unfair and deceptive trade practices claim. [Docs. 3; 4]. Plaintiff did not respond to Defendant's motion. [Docket Sheet].

On August 19, 2014, the Magistrate Judge issued a Memorandum and Recommendation (M&R) thoroughly analyzing the merits of Defendant's motion and suggested the Court grant the Defendant's motion and dismiss Plaintiff's second claim. [Doc. 6]. Plaintiff filed no objections to the Magistrate Judge's Memorandum and Recommendation. [Docket Sheet]. The Court carefully reviewed the Magistrate Judge's M&R and accepted it, and based thereon, dismissed Plaintiff's unfair and deceptive trade practices claim on September 8, 2014. [Doc. 7].

On September 17, 2014, new counsel for Plaintiff entered an appearance and filed an Answer to the Defendant's Counterclaim. [Doc. 9]. On September 19, 2014, Plaintiff filed a Motion for Leave to Amend Complaint and a proposed amended Complaint which sought, ostensibly, to resurrect the previously dismissed unfair and deceptive trade practices claim. [Docs. 10; 10-1]. Defendant filed its Response to Plaintiff's motion opposing Plaintiff's request to amend and Plaintiff replied thereto. [Docs. 14; 15]. On November 12, 2014, Magistrate Judge Howell reviewed the parties' submissions and entered an Order denying the Plaintiff's motion. [Doc. 16]. Plaintiff filed his objections to the Magistrate Judge's Order on November 24, 2014, [Doc. 17] and Defendant responded thereto. [Doc. 18]. By Order entered March 5, 2015, the Court affirmed the Magistrate Judge's Order denying Plaintiff's motion to amend the Complaint. [Doc. 19]. Plaintiff now seeks to remand this matter back to state court. [Doc. 21].

## STANDARD OF REVIEW

In a civil matter removed pursuant to 28 U.S.C. § 1332(a), if some event subsequent to the complaint reduces the amount in controversy below the statutory threshold, the district court must then decide in its discretion whether to retain jurisdiction over the remainder of the case. Shanaghan v. Cahill, 58 F.3d 106, 112 (4th Cir. 1995).

**DISCUSSION**

As mentioned above, the Defendant removed Plaintiff's action to this Court by a Notice filed pursuant to 28 U.S.C. § 1332. [Doc. 1]. <u>Cahill</u> controls the analysis of remand issues and teaches that the first step the district court is to take is to determine whether it had subject matter jurisdiction for the removal in the first instance. <u>Id.</u>, 58 F.3d at 112. The parties do not dispute that this case was properly removed to this Court based upon diversity and an amount in controversy exceeding $75,000. The parties' agreement, however, cannot confer jurisdiction on this Court, only Congress can do that, and as appropriate here, it has done so if the requirements of § 1332(a) have been satisfied.

First, the Complaint sufficiently alleges diversity of the parties. [Doc. 1-1 at 4]. Second, with regard to the monetary requirement, the Plaintiff's Complaint prayed for relief in excess of $10,000 consistent with the then-applicable North Carolina civil procedure rule under which it was filed. N.C. Gen. Stat. § 1A-1, Rule 8(a)(2) (2013). [Doc. 1-1 at 5]. Looking behind North Carolina's $10,000 pleading amount limitation and to the facts alleged in the Complaint, Plaintiff purchased an automobile for $30,000 and contends he insured the same through Defendant's agent. [Id. at 4-5]. When the vehicle was damaged by fire and Defendant's agent denied the damage claim,

Plaintiff filed suit asserting claims for breach of contract and for unfair and deceptive trade practices. [Id.]. If the Plaintiff were to prevail on his claims at the time of removal, his Complaint could be read to allege an amount in controversy exceeding $75,000: a loss of the vehicle ($30,000) under the breach of contract claim, thereafter trebled ($90,000) under the unfair and deceptive trade practices claim. The Court, therefore, had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) at the time Defendant removed the case here. Cahill's first requirement has thus been met.

Cahill next teaches that "if some event subsequent to the complaint reduces the amount in controversy, such as the dismissal of one count[,]" the district court must exercise its discretion and decide whether to retain jurisdiction over the remainder of the case. Id., 58 F.3d at 112. Cahill has anticipated precisely what has come to pass here. The Court's two most recent Orders affirmed the Magistrate Judge's: (1) dismissal of Plaintiff's unfair and deceptive trade practices claim [Doc. 7], and, (2) denial of Plaintiff's motion to amend the Complaint. [Doc. 19]. The cumulative effect of these Orders eliminated one of Plaintiff's claims and thereby diminished the amount in controversy below the statutory threshold. Accordingly, the Court must decide whether to retain jurisdiction over what remains. Cahill lists several factors this Court should consider when arriving at its decision

5

on whether to remand a case under these circumstances: (1) an evaluation of the convenience and fairness to both parties if the case is kept or remanded, taking into consideration the interests of judicial economy; (2) the amount of time and energy that the federal court already has expended in connection with the case, and whether it might be more efficient to just keep it; and (3) whether the case presents some significant issue of state law best decided in state court. Id. The Court will address each of these factors.

Beginning with the first factor, the Court concludes that retaining jurisdiction over this matter here would be no less convenient to the parties than remanding it to state court. Both this Court and the Buncombe County Superior Court are situated in the City of Asheville, so there is no geographic inconvenience. In addition, this Court adopted, nearly a decade ago, the Case Management/Electronic Case Files (CM/ECF) system which requires all documents (other than the document upon which an action is commenced) to be filed by counsel electronically in Portable Document Format (PDF). [Doc. 19 at 6-7 n.1]. Similarly, the North Carolina legislature has concluded that electronic filing of documents in its State's courts "may be a more economical, efficient, and satisfactory procedure" and granted the North Carolina Supreme Court the authority to adopt rules governing efiling. N.C. Gen. Stat. § 7A-49.5. The North Carolina Supreme Court has

6

promulgated electronic filing rules.     Supp'l Rules of Prac. and Pro. for the N.C. Efiling Pilot Project.   However, the "pilot eFiling System is currently limited to Alamance, Chowan, Davidson and Wake counties[.]"  N.C. Court Information System, available at: https://www.efiling.nccourts.org/reg?page Action=SignIn (last visited April 28, 2015).   Since the Buncombe County Superior Court does not, as of yet, permit electronic filing and this Court does, either side may file documents at any hour of the day or night by computer if the Court retains jurisdiction. Filing documents electronically in this manner is a more efficient and easy endeavor than dispatching paper documents to the Buncombe County Clerk's office during normal business hours.  On the same basis retention of jurisdiction would not cause any unfairness to either side.  For these reasons this factor weighs slightly in favor of retaining jurisdiction.

Turning to the second factor, the Court concludes that it, too, weighs in favor of retaining this matter.  Given the proceedings thus far that have taken place before the Magistrate Judge and the Court, the amount of time and energy already expended in this forum by all involved is substantial. Further, should the Court remand this matter, the state Superior Court would retrace the same issues that this Court has already addressed in an effort to familiarize itself with all that has transpired. With only the breach of contract

claim remaining, this matter may proceed into the discovery stage and mediation process expeditiously. In the words of Cahill, it would "be more efficient to simply retain jurisdiction." Id., 58 F.3d at 112.

Finally, with regard to the last factor, this matter presents no significant issue of state law best decided in state court. Plaintiff's remaining claim is a simple action alleging the breach of an insurance contract and the Defendant's counterclaim is a declaratory judgment action seeking the final interpretation of the same insurance contract. There is nothing unusual about the parties before the Court or anything state-centric about the subject matter of this litigation that would militate in favor of remand.

In his Reply, however, Plaintiff states that, after filing his remand motion herein, he instituted an action in state court against Defendant's agent, Michael Christopher Tolley d/b/a Chris Tolley Agency. [Doc. 24 at 3]. "In the Tolley [sic] action, Plaintiff asserts claims against the defendant Tolley arising out of the same transactions and course of events at issue in this case." [Id.]. Having now sued Mr. Tolley, Plaintiff argues that since Tolley is a North Carolina resident upon information and belief, this Court cannot exercise supplemental jurisdiction over the Tolley case without divesting itself of diversity jurisdiction. 28 U.S.C. § 1367(b). Therefore, according to Plaintiff, a remand is necessary to consolidate this matter with the Tolley

case in state court. [Doc. 24 at 5-6]. Plaintiff, however, had the opportunity to "consolidate" any such claims at the outset. It was Plaintiff who chose not to sue Mr. Tolley at that time.[1] For Plaintiff to bring such an action now only serves to make his procedural contortions appear to be a contrived attempt to defeat proper jurisdiction in this Court. The Court feels compelled to exercise its discretion in such manner as to discourage such tactics. The Court declines to take the bait.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand [Doc. 21] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 4, 2015

Martin Reidinger
United States District Judge

---

[1] The Court need not opine as to whether Plaintiff's new state court action against Mr. Tolley would be subject to a plea in abatement.