# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00169-MR-DLH

| | |
|---|---|
| MYKHAILO RADCHYSHYN, )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>ALLSTATE INDEMNITY )<br>COMPANY, )<br>      Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Motion to Intervene filed by Michael Christopher Tolley [Doc. 26], and the Motion to Exercise Supplemental Jurisdiction filed by Defendant Allstate Indemnity Company ("Allstate"). [Doc. 29]. For the reasons that follow, both motions will be denied.

## BACKGROUND SUMMARY

Plaintiff filed his Complaint against Allstate on May 28, 2014, in the Buncombe County, North Carolina, Superior Court. [Doc. 1-1 at 2-7]. Plaintiff's Complaint seeks monetary damages from Allstate on claims for breach of contract and unfair and deceptive trade practices stemming from Allstate's refusal to pay for Plaintiff's vehicle loss. [Id.]. Allstate removed Plaintiff's action to this Court, by Notice filed July 2, 2014, based upon the

diversity of the parties and an amount in controversy exceeding $75,000. [Doc. 1]. On July 9, 2014, Allstate filed an Answer and Counterclaim, as well as a Motion to Dismiss Plaintiff's second cause of action, the unfair and deceptive trade practices claim. [Docs. 3; 4]. Ultimately, the Court dismissed Plaintiff's unfair and deceptive trade practices claim on September 8, 2014. [Doc. 7]. Plaintiff thereafter sought to remand this matter back to state court since the dismissal of his second cause of action reduced the amount in controversy below the statutory threshold. [Doc. 21]. Allstate opposed remand. [Doc. 23]. In its discretion, the Court denied Plaintiff's motion to remand. [Doc. 25].

Prior to the Court entering its Order denying remand, Plaintiff filed a separate action in the Buncombe County, North Carolina, Superior Court captioned <u>Mykhailo Radchyshyn vs. Michael Christopher Tolley d/b/a Chris Tolley Agency</u>, file number 15 CVS 1570. [Doc. 26-2]. Michael Christopher Tolley is a registered insurance agent and the person who issued the Allstate insurance policy at the heart of the dispute in this matter. [Doc. 26]. By motion filed May 13, 2015, Tolley is seeking to intervene in this matter as a party defendant. [<u>Id.</u>]. Allstate, by motion filed May 15, 2015, is likewise asking the Court to exercise its supplemental jurisdiction and permit Tolley to intervene as a defendant. [Doc. 29]. Both Tolley's and Allstate's pending

motions required the Plaintiff to respond thereto by June 1, 2015. Plaintiff sought and obtained from the Court an Order permitting him additional time to respond to both Tolley's intervention motion and Allstate's supplemental jurisdiction motion. [Doc. 31]. The Court allowed Plaintiff up to and including June 15, 2015, to respond to the motions filed by Tolley and Allstate, and further, allowed Tolley and Allstate each up to and including July 1, 2015, to reply thereto if either so chose. Plaintiff filed a Response in opposition to Tolley's intervention motion and Allstate's motion asking the Court to exercise supplemental jurisdiction. [Doc. 32] Tolley filed a Reply to Plaintiff Response. [Docs. 34; 35]. Allstate filed no Reply.

## DISCUSSION

Michael Tolley, an Allstate authorized agent, seeks permissive intervention pursuant to Fed. R .Civ .P. 24(b)(1)(B). That rule grants a court the discretion to permit any person to intervene who has a claim or defense that shares with the main action a common question of law or fact. Id. Tolley alleges that Allstate authorized him to issue insurance policies for it, that he issued an Allstate policy to Plaintiff covering Plaintiff's car, and that the facts surrounding his issuance of the Allstate policy to Plaintiff is central both to this case and to Plaintiff's case against him in state court. [Doc. 26]. Because of this, Tolley asserts further that his defenses to Plaintiff's state

3

court action against him share common questions of law and fact with the defenses Allstate has alleged herein. [Id.]. Finally, Tolley argues that the interests of judicial efficiency will best be served by allowing him to intervene in this matter so that discovery can move forward here in a single action thus preventing duplicative work and the possibility of inconsistent verdicts from separate venues. [Id.].

For its part, Allstate agrees with Tolley that sound reasons exist to allow his intervention. [Doc. 29-1 at 5-6]. Accordingly, Allstate has moved the Court to exercise supplemental jurisdiction. Allstate asserts that Congress has given the Court the power to act in this regard under 28 U.S.C. § 1367(b). [Id. at 4]. That statutory subsection provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b). Under this provision, Allstate argues that, "while a ***plaintiff*** would be barred from using supplemental jurisdiction to undermine the jurisdictional requirements of 28 U.S.C. § 1332, there is no such bar on a motion by an ***intervening defendant***. Subsection (b) ***does not*** affect

4

claims by defendants, or those who intervene as a defendant under Rule 24." [Doc. 29-1 at 5]. Plaintiff responds to Allstate's supplemental jurisdictional argument by contending that § 1367(b), by its very terms, prevents the Court from entertaining any of Plaintiff's claims against Tolley. [Doc. 32 at 12]. Plaintiff cites to Rosmer v. Pfizer Inc., 263 F.3d 110 (4th Cir. 2001), as precedent supporting his argument. [Id. at 11].

Allstate removed Plaintiff's state case against it to this Court based upon the complete diversity of the parties under 28 U.S.C. § 1332. Plaintiff then sued Tolley in state court. As an individual not diverse from Plaintiff Tolley is barred from removing Plaintiff's state action against him to this Court. He seeks instead to intervene *as a defendant* in Plaintiff's case against Allstate, and have the claim against him adjudicated here as well. A straight forward reading of § 1367(b), to borrow a phrase, clearly prohibits such interpretive "jiggery-pokery"[1] to aid Tolley's intervention. Congress wrote 28 U.S.C. § 1367(b) quite clearly: "the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule … 24 of the Federal Rules of Civil Procedure … when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."

---

[1] King v. Burwell, 135 S. Ct. 2480, 2500 (2015) (Scalia, J., dissenting).

Id. As interpreted by the Fourth Circuit, § 1367(b) "imposes specific limits on the use of supplemental jurisdiction in diversity cases." Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995). "For example, in diversity actions the rule of complete diversity would still be required in the context of Rule 24 intervention[.]" Rosmer, 263 F.3d at 115. The Court would thus violate § 1367(b) and run afoul of Rosmer's dictates were it to permit Tolley to intervene to defend against Plaintiff's claims.

Notwithstanding this precedent, Allstate maintains that § 1367(b) "does not affect claims by defendants, or those who intervene as a defendant under Rule 24," even if such defendants share the same citizenship as the plaintiff. [Doc. 29-1 at 5]. Allstate argues that defendants are completely exempt from the prohibitions of §1367(b), because those limitations are to prevent plaintiffs from "smuggl[ing] in claims" for which no jurisdiction would lie, citing only two law review articles. Allstate's position, however, is not supported by either the language of the statute or the cases. There are only two circumstances in which a defendant may be permitted to intervene when diversity would otherwise be destroyed. Neither apply to the facts of this case.

The first of these intervention circumstances requires an examination of the principal purpose of the lawsuit and the how the parties are aligned in

6

accordance with it.  A court may consider party realignment before denying intervention if the nature of the realigned parties' claims coincide and, after realignment, complete diversity exists.  In an effort to preserve jurisdiction, courts have a "duty" to "look beyond the pleadings and arrange the parties according to their sides in the dispute." <u>Indianapolis v. Chase Nat'l Bank</u>, 314 U.S. 63, 69 (1941) (quoting <u>Dawson v. Columbia Trust Co.</u>, 197 U.S. 178, 180 (1905)).  As explained by the Fourth Circuit, in adopting the "principal purpose" test for alignment from <u>Indianapolis</u>, the test requires two steps. "First, the court must determine the primary issue in the controversy. Next, the court should align the parties according to their positions with respect to the primary issue. If the alignment differs from that in the complaint, the court must determine whether complete diversity continues to exist." <u>U.S. Fidelity & Guaranty Co. v. A&S Mfg. Co., Inc.</u>, 48 F.3d 131, 133 (4th Cir. 1995).  In the context of intervention, if a court determines that any claims raised by an intervenor/defendant (who as a party defendant would destroy diversity because he shares citizenship with plaintiff) are actually in alignment with the plaintiff, the court may redesignate the intervenor/defendant as intervenor/plaintiff, permit the intervention, and proceed with the action. <u>Vestavia Hills v. General Fidelity Ins. Co.</u>, 676 F.3d 1310, (11th Cir. 2012) (affirming, for complete diversity purposes, district court's realignment of

7

intervenor/defendant as intervenor/plaintiff where original plaintiff and intervenor/plaintiff's interests converged against original defendant); Development Finance Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156, 159 (3d Cir. 1995) (same, explaining intervention realignment).

In this matter, it is undisputed that Tolley is aligned with Defendant Allstate. In fact, it is because Tolley is so closely aligned with the Defendant that he seeks to intervene. Therefore, this line of cases does not support intervention.

The second intervention circumstance requires an examination of the principal purpose of the lawsuit and comparison of that purpose with the proposed claims asserted by the defendant/intervenor. Section 1367(b) does not deprive a district court of supplemental jurisdiction over a counterclaim or cross-claim raised by a joined defendant, even where that defendant shares citizenship with an original plaintiff. United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488 (4th Cir. 1998). This is so for two reasons: (1) section 1367(b) prohibits district courts from exercising supplemental jurisdiction only over "claims by plaintiffs" made against intervenors who are not diverse; and (2) as a matter of judicial economy, § 1367(b)'s prohibition aimed at plaintiffs should not be extended so as to preclude the resolution of an intervenor's counterclaims or crossclaims that are intertwined with claims

brought by the originally diverse parties. Professor Moore gave the following explanation:

> Under Section 1367, one may intervene as a defendant and then assert a counterclaim against a nondiverse plaintiff or a crossclaim against a nondiverse party. However, the plaintiff may not respond with a claim against a nondiverse intervenor because it is a claim made by a plaintiff against a person made a party under Rule 24, a result expressly prohibited by Section 1367(b).
>
> * * * * * * * * * * * *
>
> Under judicial construction of Section 1367, a party may not intervene as a defendant solely for the purpose of asserting a claim against a nondiverse plaintiff. The intervenor must be potentially liable to the plaintiff on the primary claim in order to be treated as a defendant to whom supplemental jurisdiction may apply under Section 1367(b). ... [N]onplaintiff intervenors entitled to the exercise of supplemental jurisdiction for their claims are those who must intervene to defend or protect interests **put at issue by the original action, and likely to be lost without the party's intervention.**

16 James William Moore, Federal Practice § 106.46 (3d ed. 2013) (emphasis added). In accord, Kapiloff, 155 F.3d at 493 (plaintiff did not join additional parties nor did it seek to assert claims against any additional parties; defendants joined the nondiverse parties as counterclaim defendants); Pennsylvania Nat'l Mutual Casualty Ins. Co. v. Perlberg, 268 F.R.D. 218 (D. Md. 2010) (supplemental jurisdiction exists to allow intervenor/defendant to assert a crossclaim for contribution against original defendant despite the common citizenship of the intervenor/defendant and the original plaintiff). In other words, a non-diverse party can intervene as a defendant if he is

intervening as of right pursuant to Rule 24(a). Tolley, however, moves for permissive intervention pursuant to Rule 24(b)(1)(B). [Doc. 26 at 1]. In addition, Tolley presents no claim against any party herein. He merely seeks to defend against a claim that has not been brought against him in this Court.

This brings the Court full-circle, back to the language Congress chose when drafting the supplemental jurisdiction statute. Section 1367(b) unambiguously states "the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule … 24 of the Federal Rules of Civil Procedure … when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). If Plaintiff's original state lawsuit against Allstate had included Tolley as a party defendant, Allstate would have been precluded from removing it to this Court for want of diversity jurisdiction under § 1332. Section 1367(b) prevents Tolley from now seeking to side-step this jurisdictional requirement through intervention. Accordingly, the Court concludes that Tolley's Motion to Intervene and Allstate's Motion to Exercise Supplemental Jurisdiction should both be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Motion to Intervene filed by Michael Christopher Tolley [Doc. 26] is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Exercise Supplemental Jurisdiction filed by Defendant Allstate Indemnity Company [Doc. 29] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 5, 2015

Martin Reidinger
United States District Judge